```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX
```

**LESTROY F. BRIGHT,**     ) **D.C. CV. NO. 2004-030**
      Petitioner,     )
                                 ) Re: D.C. CR. NO. 2000-004-01
      v.     )
                                 )
**UNITED STATES OF AMERICA,**     )
      Respondent.     )
_____ )

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    United States Attorney
    Lestroy F. Bright, Reg. No. 05549-094, United States
        Penitentiary Lee, P.O. Box 305, Jonesville, VA 24263-
        0305 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF
        INMATE ONLY")

```
                      MEMORANDUM OPINION
```

**FINCH, J.**

This matter is before the Court on Petitioner Lestroy Bright's ("Bright" or "Petitioner") *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the government's opposition thereto, and Bright's reply.

**I.    FACTS AND PROCEDURAL HISTORY**

Insofar as this opinion is written solely for the parties, only those facts pertinent to this discussion will be recited. Bright and his co-defendants[1] were convicted in this Court of violations

---

    [1]    Co-defendants convicted with Bright were Bryan Felix and Remy Augustin.

of the Hobbs Act.[2]  Bright was committed to the custody of the United States Bureau of Prisons for a term of 135 months on each of Counts 1, 6 and 12, to be served concurrently; 60 months on Count 2, to be served consecutively to Counts 1, 6, and 12; 240 months on each of Counts 7 and 13, to be served consecutively to each other and consecutive to the terms imposed on Counts 1, 2, 6 and 12 for a total of 675 months.  He appealed and on December 16, 2002, the Court of Appeals for the Third Circuit ("Court of Appeals") affirmed this Court's judgment holding that: 1) there was sufficient evidence to support the convictions; 2) the government did not violate its *Brady* obligations; and 3) the exclusion of testimony regarding prior prosecutorial decisions was not an abuse of discretion.  *United States v. Bright*, 54 Fed. Appx. 765 (3d Cir. 2002).  Bright did not file a petition for certiorari.

---

[2] In an Amended Judgment dated January 25, 2002, Defendant was convicted of the following offenses:

   1) Interfering with Commerce by Threat or Violence in violation of 18 U.S.C. § 1951 (Count 1)

   2) Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951 (Count 6)

   3) Interference with Commerce in violation of 18 U.S.C. § 1951 (Count 12)

   4) Use of Firearm in Crime of Violence in violation of 18 U.S.C. § 924(c)(1) (Count 2)

   5) Use of Firearm in Crime of Violence in violation of 18 U.S.C. § 924(c)(1) (Count 7)

   6) Use of Firearm in Crime of Violence in violation of 18 U.S.C. § 924(c)(1) (Count 13)

Then, in a letter to the undersigned dated March 2, 2004 and filed on March 16, 2004, Bright sought an extension of time within which to file his § 2255 motion. (*United States v. Bright*, D.C. CR. NO. 2000-004, ECF No. 317 at 1.) The Court denied Bright's motion stating:

> In the context of a § 2255 motion, a judgment becomes final on the later of:
> > (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or
> >
> > (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.
>
> *See Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999); Sup. Ct. R. 13. Defendant, therefore, had ninety days from the date of the Court of Appeals' December 16, 2002 judgment to file a timely petition for certiorari. Thus, the time for Defendant to file a timely petition for certiorari expired on March 16, 2003. Applying the one year limitations period to that date, Defendant had until March 15, 2004 to file a timely Section 2255 Motion. Defendant's motion for extension was dated March 2 and filed on March 16, 2004[.]
>
> Instead of filing his § 2255 motion, Defendant simply filed the instant motion for extension of time on grounds that he has been unable to retrieve his transcripts . . . . Defendant's motion does not set forth allegations in support of habeas relief.
>
> The Court of Appeals for the Third Circuit discussed this issue stating that:
> > The only court of appeals to address this issue in a published opinion has concluded that a motion for an extension of time must contain allegations sufficient to support a claim for habeas relief in order to be construed as a habeas petition. In *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001), the court of appeals held that **a district court can grant an extension of time to file a § 2255 motion only**

> **if the moving party requests the extension upon or after filing an actual § 2255 motion, and where equitable tolling of the statute of limitations applies.** It explained that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until the petition is actually filed because there is no case or controversy before the court. *Id*.
>
> The court of appeals further held, based upon the rule that *pro se* pleadings are construed liberally, that when a motion for an extension of time contains allegations supporting a claim for relief under § 2255, the district court should construe it as such and then decide whether the motion is timely. *Id.* at 83. If it does not contain sufficient allegations to support a claim, the district court does not have jurisdiction to consider the motion. *Id.* Because the prisoner in *Green* had not articulated any basis in fact or law for relief under § 2255, the court held that the district court, which denied the motion for an extension of time, did not err by failing to treat it as a substantive § 2255 motion. *Id.* at 84.
>
> *Anderson v. Pennsylvania Attorney General*, 82 Fed. Appx. 745, 749 (3d Cir. 2003) (emphasis added). Having duly considered the premises, and finding no allegations sufficient to support a claim for habeas relief, it is hereby
>
> **ORDERED** that Defendant's motion for extension of time to file his § 2255 motion is **DENIED**.

(*Bright*, D.C. CR. NO. 2000-004, Order of Mar. 19, 2004, ECF No. 318 at 2-4.)

Bright's § 2255 motion was dated March 15, 2004, but stamped as received by the correctional institution on March 16, 2004. Bright states that he sent his § 2255 before the March 16th filing deadline. The government argues that Bright's conviction became

final in December 2002,[3] and his § 2255 motion filed "on or after March 15, 2004 and his Blakely supplement [filed] on or after July 15, 2004," are untimely. (Mem. In Opp'n to Pet'r Mot. Pursuant to Tit. 28 U.S.C. § 2255 at 1-3.) The government is incorrect.

As the Court stated in the above-referenced Order in CR. D.C. NO. 2000-004, Bright's filing deadline was March 15, 2004. The Court of Appeals has made it clear that the one-year statute of limitations for filing a motion attacking a sentence under § 2255 begins to run on the date on which petitioner's time for filing a timely petition for certiorari review expires, which is 90 days after the Court of Appeals rejects the direct appeal. *United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005); *United States v. Miller*, 197 F.3d 644, 653 n.9 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)); U.S. Sup. Ct. Rule 13; 28 U.S.C. § 2255. In this instance, the Court shall accept as true, Bright's claim that his § 2255 motion dated March 15, 2004 was delivered to prison officials for mailing before March 16, 2004. The instant § 2255 motion is timely. With regard to Bright's July 21, 2004 motion to supplement his § 2255 motion in light of the U.S. Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296

---

[3] Despite the government's assertion that Bright's conviction became final in December 2002, the government, in addressing the inapplicability of *Blakely v. Washington*, 542 U.S. 296 (2004), stated: "Blakely is therefore inapplicable to defendant's case, which became final on direct review when the period for seeking certiorari expired on March 17, 2003." (Mem. In Opp'n to Pet'r Mot. Pursuant to Tit. 28 U.S.C. § 2255 at 13.)

(2004), that motion was granted in an Order dated October 15, 2004.

"The question whether to order an evidentiary hearing is committed to the sound discretion of the district court." *Government of the Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). In making that determination, the court must accept as true all of Bright's nonfrivolous factual claims in the petition. *See United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988). Having reviewed the record and finding that the record as a whole conclusively shows that Bright is not entitled to the relief sought in the instant motion, an evidentiary hearing is not required.

## II. DISCUSSION

### A. Issues

In this motion under 28 U.S.C. § 2255, Bright argues that his counsel was ineffective in failing: 1) to permit him to testify; 2) to object to improper jury instruction regarding the gun counts; and 3) to object to the unlawful gun sentence imposed by the court. In his supplemental motion, Bright argues that his sentence violates the holding in *Blakely* in that it was enhanced by facts neither presented in the Indictment nor considered by the jury. The government, having generally argued that the instant petition and supplement are untimely filed, focused its response solely on the inapplicability of *Blakely* on collateral review.

**B.     Standards of Review**

A § 2255 motion permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 is not a substitute for a direct appeal and serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See Reed v. Farley*, 512 U.S. 339, 348 (1994); *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000).

To prevail on this § 2255 motion alleging constitutional error, Bright must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Petersen v. United States*, No. CV. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979). Moreover, "given the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human

fallibility of the participants, there can be no such thing as an error-free, perfect trial, and . . . the Constitution does not guarantee such a trial." *United States v. Hasting*, 461 U.S. 499, 508-09 (1983).

Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in collateral proceedings pursuant to 28 U.S.C. § 2255 rather than on direct appeal. *See, e.g., United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002). To prevail on a claim of ineffective assistance of counsel, Bright must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court must review Bright's claims under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688. Second, Bright must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95.

In applying *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Id.* at 689. "[T]he court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002). For this reason, a defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *U.S. v. Davis*, 306 F.3d 398, 422 (6th Cir. 2002) (citation omitted). Bright must also show prejudice from his attorney's errors, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability means a probability "sufficient to undermine confidence in the outcome." *Id*.

**C. Counsel did not prevent Mr. Bright from testifying.**

Bright alleges that despite his desire to testify, he was coerced by his trail counsel, Ronald Russell, Esq. ("Russell" or "counsel") into relinquishing that right. Bright contends that he wanted to testify because he had previously testified successfully in a murder case, and had he testified, he "could have personally proclaim[ed] his innocence" and he "could have rebutted the government's case in chief by contradicting the testimonies" of witnesses Atwater, King, and Sobreme. (Mem. of Law in Support of

§ 2255 at 2-3.)[4] He alleges that Russell reminded him that he was free to relieve him and get another attorney. Bright further alleges that counsel was of the opinion that the trial was going well and that his testimony was not necessary. (*Id.*)

"It is well established that the right of a defendant to testify on his or her behalf at his or her own criminal trial is rooted in the Constitution." *United States v. Pennycooke,* 65 F.3d 9, 10 (3d Cir. 1995); *Rock v. Arkansas,* 483 U.S. 44, 49-53 (1987). "The right is personal and can be waived only by the defendant, not defense counsel." *United States v. Leggett,* 162 F.3d 237, 245 (3d Cir. 1998), *cert. denied,* 528 U.S. 868 (1999) (citation omitted). The Court further notes that defense counsel has a duty to inform a defendant of his right to testify, but the decision itself is ultimately that of the defendant. *See Pennycooke,* 65 F.3d at 12; *see also Jones v. Barnes,* 463 U.S. 745, 751 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, [including] as to whether . . . to testify in his or her own behalf.").

Bright alleges that had he been allowed to testify, he would have contradicted both Candia Atwater's testimony that she had

---

[4] Bright refers to the witness Sobreme, but he appears to be referring to Linda Soogrim.

prosecuted him before,[5] and Michael King's identification. This bare, self-serving assertion that counsel forbade him to take the stand at trial is patently false. Bright did in fact testify at his trial. (Trial Tr. Vol. VIII at 102-109.)[6] Bright's claim lacks merit and counsel's performance did not fall below the objective standard of reasonableness required by *Strickland*. For the reasons stated, Bright's claim that his counsel provided ineffective assistance in preventing him from testifying must fail.

**D. Counsel was not ineffective in failing to object to the jury instruction regarding the gun counts.**

Bright alleges that counsel was ineffective in failing to

---

[5] The Court notes that Ms. Atwater did not testify before the jury about having previously represented Bright. At sentencing, counsel challenged the six-point sentence enhancement based upon the statement in the Presentence Report that Bright had pointed a firearm directly at the victims, which provided more of an explicit threat of death or harm than brandishing. According to counsel, the victim, Candia Atwater, was not afraid and she had no threat of death or harm. Counsel did not mention the other victims. The following colloquy ensued:

> THE COURT: Could it mean that Atwater was threatened but she ignored it?
>
> MR. RUSSELL: No, I don't think that's what she say. She said she was more upset that this little boy could come and do that. And she was also upset, and I spoke to Miss Atwater about the case before, and I couldn't bring it out on trial, and, because it's hearsay, but she had said that she represent him before in juvenile, and she knew him. So she weren't afraid of him.
> Now, that ain't, that's not appropriate for trial, but it appropriate now. Because that six level should not be there. Miss Atwater knew Lestroy from before and she weren't afraid of he. That's why he run.

(Tr. of Sentence, ECF No. 296 at 31-32.)

[6] (Trial Tr., ECF No. 289 at 134, 183-85 (other references to Bright's testimony).)

object to the trial court's jury instruction on Counts 2, 7, and 13 in light of the U.S. Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137 (1995). The Court instructed the jury as follows:

> The phrase "uses or carries a firearm" means having a firearm available to assist or aid in the commission of the crimes alleged in Counts 2, 7, and 13 of the superceding indictment.
> In determining whether defendants Lestroy Bright and Remy Augustin used or carried a firearm, or were aided or abetted by each other in so doing, you may consider all of the factors received in evidence in this case, including the nature of the underlying crime of violence charged, or violence alleged, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
> The government is not required to show that the defendant actually displayed or fired the weapon. The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that a crime of violence was committed.
> Under the federal law, the term firearm as is used in Counts 2, 7, and 13, and as used in these instructions means A) any weapon including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or B) the frame or receiver of any such weapon, or C) any firearm, muffler, or firearm silencer, or D) any destructive device.

(Trial Tr., ECF No. 289 at 29-30.)

Bright argues that in *Bailey* the Supreme Court explicitly held that in order to convict a defendant of a violation of 18 U.S.C. § 924(c), there must be "active employment of the firearm by the defendant," and that mere possession was not enough to trigger the

statute's application. (Mem. of Law in Support of § 2255 at 5.)

In *Bailey*, the Supreme Court in considering the meaning of the term "uses" in 18 U.S.C. § 924(c), rejected the interpretation that "use" was synonymous with "possession". *United States v. Diallo*, No. 07-3641, 2009 WL 2342668, at *4 (3d Cir. Jul. 31, 2009) (quoting Bailey, 516 U.S. at 144, 148)). Bailey acknowledged that the "active-employment understanding of 'use'" for purposes of § 924(c)(1)--as then written--included "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire[.]" *Id.* That is, "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, as use that makes the firearm an operative factor in relation to the predicate offense." *Bailey*, 516 U.S. at 143. Congress, responding to *Bailey*, amended § 924(c)(1), making it an offense to "possess" a firearm "in furtherance of" one of the predicate offenses and adding sentencing enhancements for brandishing and discharge. *See* Pub.L. 105-386, § 1(2)(1), 112 Stat. 3469; *see also* 144 Cong. Rec. 26608 (1998) (remarks of Sen. DeWine) (referring to the amendments as the "Bailey Fix Act").[7]

---

[7] *Cf. United States v. Watson,* 552 U.S. 74, 128 S.Ct. 579, 586 (2007) (revisiting the meaning of "use" in § 924(c)(1)(A), and agreeing that the "ordinary meaning and the conventions of English" menat a person did not use a firearm when he received it in exchange for drugs); *Dean v. United States*, 129 S.Ct. 1849, 173 L.Ed.2d 785 (2009) (holding that the sentencing enhancement in § 924(c)(1)(A)(iii) does not contain a requirement that the defendant intend to discharge the firearm).

Bright has not shown that under the applicable version of § 924(c), an "active employment" instruction was required, and this Court, therefore, cannot find counsel ineffective under the first prong of *Strickland* for his failure to object to the trial court's jury instruction on Counts 2, 7, and 13. Having failed on the first prong, the Court need not proceed to an analysis of prejudice under the second prong.

**E. Counsel was not ineffective in failing to object to the gun sentence imposed by the court.**

To the extent Bright is now attempting to challenge the Indictment, he is procedurally barred from doing so. "A well established tenet of law is that a § 2255 motion does not substitute for a direct appeal." *Queensborough v. United States*, No. 2002-044, 2008 WL 4202278, at *3 (D.V.I. Sept. 9, 2008) (citing *Cepero*, 224 F.3d at 267). Moreover, Bright has made no attempt to satisfy the cause and prejudice exception to this procedural bar.

Bright argues that Counts 7 and 13 of the Indictment charged a violation of section 924(c)(1) which carried a maximum penalty of five (5) years and is only increased when a defendant has a "second or subsequent conviction" under § 924(c)(1)(I). As such, he contends that the Indictment did not state facts that would enhance his sentence, and he should have been sentenced to a maximum of 5-7 years, instead of the sentence of 240 months on Count 7 and 240 months on Count 13 to be served consecutive to each other. Counsel,

he contends, was ineffective in failing to object to the "unlawful gun sentences under subsection (c)(I) if title 18 section 924." (Mem. of Law in Support of § 2255 at 8.)

Under the United States Sentencing Guidelines ("USSG") (2000 ed.), § 2K2.4 directed that the term of imprisonment be that required by statute and, therefore, these counts were not subject to an offense level calculation and/or grouping rules. (Presentence Report at 15.) Moreover, effective November 13, 1998, 18 U.S.C. § 924(c) was amended to provide for a mandatory consecutive term of seven (7) years (rather than 5 years) for brandishing a firearm and 25-year consecutive term for any second or subsequent conviction. To avoid an *ex post facto* violation, Bright was sentenced in accordance with the statute in effect at the time of his commission of the offense (February 1997). Therefore, based on the pre-1998 statute used, Bright received the 5-year mandatory minimum term on Count 2, the 20-year mandatory term on Count 7, and the 20-year mandatory term on Count 13 to be served consecutively. The U.S. Supreme Court has ruled that a sentence under 18 U.S.C. § 924(c)(1) must be consecutive to any state sentence as well as any federal sentence. *United States v. Gonzales*, 520 U.S. 1, 11 (1997) (holding that the phrase "any other term of imprisonment" means what it says and therefore forbids a court from making the five year term concurrent with any state imposed sentence); *see, e.g., United*

*States v. Davis*, 103 F.3d 660, 677 (8th Cir. 1996) (imposing 130 months on the robbery counts, plus consecutive sentences of 60 months, 240 months and 240 months for the three § 924(c) counts).

Bright has failed to demonstrate an objectionable basis for the sentence in Counts 7 and 13, and that his counsel's assistance in not challenging those sentences fell outside the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 688, 690. Again, having failed to satisfy the first prong, the Court is not required to examine the second *Strickland* prong.

**F. *Blakely* is not to be applied retroactively to cases on collateral review.**

Bright relies on *Blakely* in support of his argument that his sentence was unconstitutionally enhanced by facts not charged in the Indictment or admitted by him. *Blakely* has not been made retroactive to cases on collateral review. *Llyod v. United States*, 407 F.3d 608, 610-11 (3d Cir. 2005); *In re Olopade*, 403 F.3d 159, 160 n.1 (3d Cir. 2005).

**G. Actual Innocence**

On this issue, Bright argues that the Indictment failed to set forth the elements of the crime, and the Court, therefore, lacked jurisdiction to try him. (*Id.*) Again, Bright is procedurally barred from challenging the Indictment in this § 2255 motion for reasons stated discussed *supra* in Section E.

In his Reply to the government's opposition, Bright raises for the first time that the issues raised are "violative of the 'actual innocen[ce]' standard, and the Court must entertain his claim of actual innocence to avoid a miscarriage of justice. (Reply at 2.) The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prevail on an "actual innocence" argument Bright must put forth "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," showing that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Bright does not make any claims or present any new reliable evidence as required to satisfy the actual innocence standard. He simply re-asserts his challenge to the sentences imposed on Counts 7 and 13 as enhancements that were imposed as a result of unconstitutional Sentencing Guidelines, and relies on *Apprendi* in making this argument.

In *Apprendi v. New Jersey*, 530 U.S. 466, 471, 490 (2000) the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Under *Apprendi*, the presence of a prior conviction enabled the this Court to increase Bright's sentence on Counts 7 and 13 to the twenty (20) year minimum sentence under § 924(c)(1). *See, e.g., United States v. Perry*, 438 F.3d 642, 651-52 (6th Cir. 2006); *Davis*, 306 F.3d at 411 (affirming sentence of seven years for the first conviction (count two of the indictment) and sentence of 25 years for the second conviction (count four of the indictment)). Finally, to the extent Bright tries to raise this challenge in the context of an ineffective assistance of counsel claim, he has failed to establish that counsel's decision not to challenge the sentence under *Apprendi* was an unreasonable professional decision.

## III. CONCLUSION

For the reasons stated, the Court will deny Bright's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. An appropriate order follows.

**DATED** this <u>17</u> day of August 2009.

            **E N T E R:**

                **/s/**
            _____
            **RAYMOND L. FINCH**
            **SENIOR DISTRICT JUDGE**